WIGGINTON, Judge.
Appellant appeals his resentencing, upon remand after reversal of his death sentence, to life without possibility, of parole for 25 years to be served consecutive to later imposed life sentences in separate cases. We reverse and remand for imposition of that sentence without any reference to the other life sentences.
Appellant was convicted of first-degree murder and sentenced to death on July 1, 1974. On July 16, 1974, after he entered pleas on robbery charges in three other separate cases, he was sentenced by the same judge to life in prison in each of those cases to run concurrently with the other robbery sentences. In those judgments and sentences, the judge added that if the death sentence in the instant case should be commuted to life in prison, the robbery life sentences should run concurrently with that life sentence.
After several appeals and collateral attacks, appellant’s death sentence was vacated and remanded for a second sentencing proceeding before a newly-impaneled jury. Although that jury recommended a life sentence, the judge, who was not the original sentencing judge, overrode that recommendation and imposed a death sentence. On appeal, the supreme court found that the override of the life sentence recommendation was improper; thereupon, the court again vacated the death sentence and remanded “for imposition of a sentence of life imprisonment with no possibility of parole for 25 years.” Cooper v. State, 581 So.2d 49 (Fla.1991).
Upon remand, the judge did impose the requisite life sentence without possibility of parole for 25 years. However, he added to that sentence the requirement that it run consecutively to the life sentences appellant is serving for the three robbery convictions but he gave appellant credit for the 17 years and 291 days he had already served on his first-degree murder conviction.
Appellant argues on appeal that the consecutive nature of the life sentence was error because it constitutes a harsher sentence than had previously been imposed, it violates federal and state due process guarantees against enhanced penalties upon re-sentencing, and it results in violation of fundamental principles of state sentencing laws. We do not find error for the reasons asserted by appellant primarily because we do not subscribe to appellant’s underlying premise that a binding relationship exists between the instant sentence and the unrelated robbery sentences.
However, we find that the sentence imposed was error based on the following reasoning: Pursuant to the terms of the death sentence imposed on July 1, 1974, appellant was immediately committed to confinement and thus began serving his sentence in this case. After vacation of the death sentence, the explicit direction from the supreme court upon the second remand for resentencing was to impose the only other sentencing alternative available in this case, a life sentence without possibil *631 ity of parole for 25 years. That instruction did not bestow upon the sentencing judge any authority or jurisdiction to incorporate later imposed life sentences in unrelated separate cases and thereby to ignore the fact that appellant has been serving time for his murder conviction since 1974.
REVERSED and REMANDED for imposition of a life sentence without possibility of parole for 25 years, consistent with this opinion.
ERVIN and ZEHMER, JJ., concur.